# Supreme Court of Texas

No. 23-0956

Nejla Kassandra Keyfli Lane,
*Appellant*,

v.

Commission for Lawyer Discipline,
*Appellee*

On Appeal from the Board of Disciplinary Appeals

JUSTICE BOYD, joined by Justice Busby, dissenting.

The Court holds that Nejla Lane did not waive Rule 17.06's limitations defense by failing to plead it because Rule 9.04 "is silent about the need to plead Rule 17.06(A)." *Ante* at 13. But Rule 9.04 does more than "identif[y] five potential defenses that *may* be asserted in reciprocal discipline cases." *Id.* at 9 (emphasis added). To the contrary, it lists the defenses an attorney "*shall* allege, *and thereafter be required to prove*, by clear and convincing evidence, . . . *to avoid the imposition* of" reciprocal discipline. TEX. RULES DISCIPLINARY P. R. 9.04 (emphases added). The Rule's plain language makes clear that an attorney who fails to allege and prove at least one of the listed defenses cannot avoid

reciprocal discipline. Rule 9.04, in other words, lists the *only* defenses an attorney *can* plead and prove to "avoid the imposition of" reciprocal discipline.

Because Rule 9.04's list of defenses does not include limitations under Rule 17.06, limitations under Rule 17.06 is not a defense an attorney can raise "to avoid the imposition" of reciprocal discipline. In short, Rule 9.04—which applies specifically and only to reciprocal-discipline cases—makes it clear that the "[m]iscellaneous" Rule 17.06 simply does not apply to reciprocal-discipline cases. *See id.* Part XVII ("Miscellaneous Provisions").

Unless, of course, Rule 9.04's list is *not* exclusive. But if it is not, then it is not exclusive as to defenses an attorney must *allege* as well as those she must *prove*. If Rule 9.04's list is not exclusive, then the Rules do not (as the Court asserts) "establish their own pleading requirements for" *all* "reciprocal discipline cases." *Ante* at 13–14. If Rule 9.04 merely lists and addresses *some* of the defenses an attorney can assert to avoid the imposition of reciprocal discipline, then the Rule only "'var[ies]' the requirements for a responsive pleading" that asserts a defense listed in Rule 9.04. *Id.* at 14. If that is the case, then (1) Rule 9.04 does not vary the requirements for pleading limitations under Rule 17.06, (2) Texas Rule of Civil Procedure 94 thus required Lane to plead a limitations defense, and (3) Lane waived that defense by failing to plead it. *See* TEX. R. CIV. P. 94 (requiring parties to "affirmatively" plead limitations); BODA INTERNAL PROCEDURAL RULES R. 1.03 (requiring application of the Rules of Civil Procedure in proceedings before the Board of Disciplinary Appeals "[e]xcept as varied by these rules").

2

To avoid that obvious result, the Court makes the remarkable conclusion that limitations—at least limitations under Rule 17.06—is not a "defense" at all. *Ante* at 14 n.5. Instead, the Court suggests, limitations under Rule 17.06 "independently" prevents the Board "from imposing reciprocal discipline *regardless* of whether the Rule has been pleaded." *Id.* So, somehow, in the Court's view, a "statute of limitations" provides an affirmative defense, but a "rule of limitations" does not. Nothing, however, supports that illogical distinction.

Like a statute of limitations, the effect of Rule 17.06 is to afford the Board "a reasonable time to present [its] claims" while protecting respondents, the Board, and the courts "from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents or otherwise." *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990). And as with statutes of limitations, Rule 17.06 provides an affirmative defense because it permits the responding attorney to assert "facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155–56 (Tex. 2015) (quoting *Affirmative Defense*, BLACK'S LAW DICTIONARY (10th ed. 2009)). Treating a rule of limitations as anything other than an affirmative defense upends all the work this Court has done to clarify the burden the defendant or respondent bears to obtain the benefits of limitations. *See Draughon v. Johnson*, 631 S.W.3d 81, 88 (Tex. 2021) (confirming that the defendant bears the "burden to establish her affirmative defense of

3

limitations at trial" and explaining when and how the burden shifts on summary judgment). Limitations, by its very "nature," is an affirmative defense. *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 821 (Tex. 2021).

If it seems to the Court that this result is overly harsh or unworkable, we should engage in the proper procedural process of amending the rules to produce a different result. We should not judicially amend the rules in a case-specific opinion that ignores or rewrites the very language we have adopted and approved.

I respectfully dissent.

Jeffrey Boyd
Justice

**OPINION FILED:** June 6, 2025

4